UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIDGET MARSHALL,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO.   C05-5163JKA<br><br>ORDER REMANDING ADMINISTRATIVE DECISION |

    This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed. Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision. Plaintiff argues in her opening brief the following administrative errors:

    (i)  the administrative law judge ("ALJ") failed to properly assess plaintiff's impairment(s) at step-three, under Listing 1.06;

    (ii) the ALJ failed to properly assess plaintiff's mental impairments at step-two;

    (iii) the ALJ erred when he rejected the examining specialist's opinion;

    (iv) the ALJ failed to properly consider plaintiff's Residual Functional Capacity ("RFC");

    (v) the ALJ erroneously relied on the GRID to concluded plaintiff was not disabled; and

    (iv) the ALJ's credibility analysis was legally inadequate.

    This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper

ORDER
Page - 1

1 legal standard and there is substantial evidence in the record as a whole to support the decision. <u>Hoffman</u>
2 <u>v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a
3 reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389,
4 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a
5 preponderance. <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v. Sullivan</u>, 772
6 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the
7 Court must uphold the Secretary's decision. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984).

       After carefully reviewing the record, the court finds and orders as follows:

(1)  The ALJ erred when he considered plaintiff's mental impairments at step-two in the administrative review process.  Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996).  An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28)(emphasis added).

Here, Ms. Marshall produced evidence of how she is significantly limited by her depression.  She submitted a written report, prepared by Dr. Neims, who met with her for three hours and administered ten psychological tests. (T2. 286-295).  Based on this testing, and his review of the medical evidence in the record, Dr. Neims identified limitations in with Ms. Marshalls ability to (i) maintain attention and concentration for extended periods; (ii) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (iii) work in coordination with or in proximity to others

ORDER
Page - 2

1  without being distracted by them; (iv) complete a normal workday and work week without interruptions
2  from psychologically based symptoms and to perform at a consistent pace without unreasonable number
3  and length of rest periods; (v) interact appropriately with the general public; (vi) accept instructions and
4  respond appropriately to criticism from supervisors; (vii) get along with coworkers or peers without
5  distracting them or exhibiting behavioral extremes; (viii) maintain socially appropriate behavior and to
6  adhere to basic standards of neatness and cleanliness; (ix) travel in unfamiliar places or use public
7  transportation; and (x) set realistic goals or make plans independently of others.
8         The following language was used by the ALJ to reject the medical evidence prepared
9  by Dr. Neims:

> I give this report little weight, as it appears to be an effort to establish impairments and limitations with a limited ability to function, followed by a recommendation that the claimant resort to vocational rehabilitation to begin working. In short, it is internally inconsistent. Further, I note Dr. Neims is somewhat the psychologist du jour of late, with his reports frequently commissioned by Claimant's and their Counsel in support of disability applications, with a near-universal finding of profound limitations, which certainly detracts from the weight to be given such opinions in any given case.

14  (Tr. 18). The two reasons he did invoke are not legitimate. The ALJ was not permitted to reject Dr.
15  Neims' evaluation simply because it was scheduled by Marshall's representative. The only other reason
16  provided by the ALJ for rejecting the evaluation was because it was "internally inconsistent." The ALJ did
17  not state that the evaluation conflicted with other evidence. The only alleged inconsistency identified by
18  the ALJ, however, was that Dr. Neims advised vocational rehabilitation in the same document in which he
19  noted severe limitations. This is not inconsistent. If Marshall's mental impairments were not severely
20  limiting, she would not need vocational rehabilitation in order to return to work. An observation of her
21  mental limitations is not inconsistent with a recommendation that she attempt to learn ways to overcome
22  them in a work setting. Finally, the ALJ's comment regarding Dr. Neims' "near universal finding" unfairly
23  pushes the limit on the ALJ's duty to evaluate each case objectively and independently.
24         (3) Having found above that the ALJ erred when he evaluated plaintiff's mental impairments at
25  step-two, the matter must be remanded to the administration to reconsider these issues and to
26  appropriately complete the five-step evaluation process. Accordingly, the Court REMANDS the Social
27  Security Administration's final decision for further consideration with the additional direction that it be
28  assigned to different Administrative Law Judge.

ORDER
Page - 3

1 | The clerk is directed to send copies of this Order to counsel of record.

2 | DATED this 21st day of December, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

ORDER
Page - 4